SHORES, Justice.
This is an appeal by the defendant, Dr. Mullins, from the granting of the plaintiff's motion for a new trial following a jury verdict in favor of the defendant. This medical malpractice case has been here once before. Powell v. Mullins, 479 So.2d 1119 (Ala.1985). The sole issue presented for our review is the appropriateness of the new trial order.
This court has previously stated the facts as follows:
“The plaintiff entered the University of South Alabama Medical Center for delivery of her third child. Plaintiff had received her pre-natal care through the Medical Center and, initially, her doctors there felt she would be able to deliver her baby vaginally. However, because plaintiff is a diabetic on insulin, the baby (weighing 9V2 lbs.) had grown too large to deliver vaginally, and the decision was made to deliver the baby by cesarean section. The defendant, Dr. Mullins, was the chief resident in obstetrics at the Medical Center and the attending physician in charge of performing the cesarean section on the plaintiff. Dr. Mullins was assisted by two other doctors. Also present in the operating room were several people from the anesthesiology department, several nurses, a respiratory therapist, and a pediatrician. Plaintiff was given a general anesthetic despite the fact that her obesity and heavy smoking posed a greater risk in using general anesthesia. These factors, as well as plaintiff’s low blood count and profuse bleeding during surgery, established her to be a high risk patient overall.
“While performing the cesarean surgical procedure, which lasted over two hours, the defendant used two rolled up 18-inch-square lap sponges, placing them inside plaintiff’s abdomen on either side of the uterus. Twenty-eight other sponges were used during the procedure to soak up blood, but only the two 18-inch-square sponges were actually placed inside plaintiffs abdomen.[1] Despite the defendant’s own search of the operative field in preparing to close the incision, as well as two reports given by a nurse that the sponge count was correct, one of the 18-inch-square lap sponges was left inside the plaintiff.
“Approximately four days after her surgery, the plaintiff began to complain of pain and swelling on one side. X-rays were taken, revealing the presence of the sponge in plaintiff’s abdomen. Five days after the cesarean section, plaintiff underwent a second surgical procedure to remove that sponge.”
Powell v. Mullins, 479 So.2d at 1120.
The record before us demonstrates that the trial judge's oral instruction to the jury was erroneous in a material respect. He later recalled the jury and corrected the instruction. Both plaintiff and defendant *395 objected, each claiming to be prejudiced by the confusion the conflicting instruction may have created in the jury’s understanding of the law. Several grounds in the motion for new trial centered on this point. Under these circumstances, the trial judge’s granting of the motion for new trial may well have been because he agreed that his oral charge confused the jury and prejudiced the plaintiff’s case. Accordingly, the trial court’s ruling on the motion for new trial is clothed with a strong presumption of correctness. Beneficial Management Corp. of America v. Evans, 421 So. 2d 92 (Ala.1982).
The record affirmatively refutes any suggestion that the trial judge’s granting of the motion was based solely upon the weight and preponderance of the evidence. See, Jawad v. Granade, 497 So.2d 471 (Ala.1986). Consequently, the order granting the new trial is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.

. Dr. Mullins points out in this appeal that this is incorrect. Some or all of the other sponges were used in the abdominal cavity.